IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHAUN BONDURANT,

  Plaintiff,

vs.

JERRY VASTBINDER, et al.,

  Defendants.

No. 04-1278-T/An

ORDER CORRECTING THE DOCKET
AND
ORDER TO COMPLY WITH PLRA
OR PAY FULL $150 CIVIL FILING FEE

  Plaintiff Shaun Bondurant, Tennessee Department of Correction ("TDOC") prisoner number 354826,[1] an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 21, 2004.

  Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or

---

  [1] The docket records the plaintiff's first name as "Shawn." Although the plaintiff has used both spellings of his name in the documents he submitted, the TDOC website lists the plaintiff's first name as "Shaun." The Clerk is ORDERED to correct the docket to conform the spelling of the plaintiff's name to TDOC records.

  [2] Effective March 7, 2005, the civil filing fee was increased to $250. Because this action was filed prior to that date, the plaintiff is only liable for the $150 filing fee.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 05-11-05

over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1) the average monthly deposits, and

2) the average monthly balance
   for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

In this case, although the plaintiff submitted a certification by the trust fund account officer at his current prison, he submitted only the first page of the prisoner in forma pauperis affidavit. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $150 filing fee, which accrued at the moment the complaint was filed. Accordingly, plaintiff is hereby ORDERED to submit an in forma pauperis affidavit and a certified copy of his trust fund account statement or the full $150 civil filing fee to the following address within thirty (30) days after the entry of this order:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

If plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore, 114 F.3d at 605. If plaintiff fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P.

41(b), for failure to prosecute. McGore, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If plaintiff timely submits the proper documentation and the Court finds that plaintiff is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when plaintiff's account balance exceeds $10.

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner in forma pauperis affidavit form along with this order.

IT IS SO ORDERED this 10 day of May, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01278 was distributed by fax, mail, or direct printing on May 11, 2005 to the parties listed.

---

Shaun Bondurant
00354826
P.O. Box 1150
Henning, TN 38041--115

Honorable James Todd
US DISTRICT COURT